UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>    v. )<br>)<br>KRYSTAL WHITCOMB, )<br>SHAWN WHITCOMB, AND )<br>MICHAEL HAYES a.k.a. "Mo," )<br>    Defendants )  | Crim No. 2:18-CR-123 |

GOVERNMENT'S MOTION FOR DESIGNATION AS A COMPLEX CASE
AND CONTINUANCE PURSUANT TO THE SPEEDY TRIAL ACT

The United States of America, by and through its attorney, Christina E. Nolan, United States Attorney for the District of Vermont, hereby moves the Court to declare the above referenced case a complex case for the purposes of the Speedy Trial Act and to exclude time under the Act.

In the summer of 2018, the Vermont Drug Task Force began a drug investigation into Michael Pimental, Krystal Whitcomb, Shawn Whitcomb and others.  During the course of the investigation, law enforcement received information that Pimental and Krystal were traveling out-of-state to pick up large quantities of heroin and fentanyl, and were bringing those drugs back to the Caledonia County area of Vermont to distribute them.  Once in Vermont, Shawn Whitcomb and Krystal Whitcomb would distribute those drugs.  The conspiracy involved significant quantities of heroin and fentanyl, and both Pimental and Krystal were reported to have guns.  As part of this investigation, law enforcement conducted five controlled purchases of heroin from Shawn Whitcomb from July through September 2018.  Law enforcement also conducted a controlled purchase of heroin and fentanyl from Krystal Whitcomb on October 10, 2018.

On October 14, 2018, law enforcement recovered the body of Michael Pimental. Pimental had been shot and his death has been ruled a homicide. In the hours before Pimental's body was recovered, a Sherriff's Deputy in Grafton County New Hampshire stopped Krystal Whitcomb and a male named Michael Hayes in a Cadillac registered to Michael Pimental. Michael Hayes was driving the car and Krystal was in the passenger seat. During the stop, Hayes provided a false name and was later arrested. Law enforcement also recovered two firearms from the Cadillac: a Hi-Point .380 caliber handgun with a round in the chamber and a Hi-Point .40 caliber handgun which was loaded with a full magazine. Krystal told law enforcement that both firearms belonged to her. A third gun, a Ruger .38 Special revolver, has since been recovered from the Cadillac, along with a large quantity of heroin and U.S. currency. Investigators later searched the Cadillac more extensively and found a large amount of blood in the trunk. Lab analysis confirmed through DNA that this blood belonged to Michael Pimental.

Krystal participated in an extensive interview with law enforcement about Pimental's death and her involvement in drug trafficking. While Krystal changed some parts of her statement during the lengthy interview, she consistently indicated that she was present at the residence when Pimental was shot, and that her father, Shawn Whitcomb, and another male, were involved in killing Pimental. In conversations with law enforcement before his arrest, Shawn did not directly admit involvement, but he did tell officers: "I did what I did" to protect Krystal. Shawn also told law enforcement: "I don't want to go to jail for the rest of my life."

On November 8, 2018, the federal grand jury sitting in Burlington returned a ten-count Second Superseding Indictment charging the above defendants with a variety of drug and firearms offenses. The indictment does not charge any conduct related to the homicide and as of this date, no one has been charged in state court with conduct relating to the homicide. Counsel

for the defendants have sought and received extensions of time to file pretrial motions and the new pretrial motions date is June 7, 2019.

Since return of the Second Superseding Indictment, the government's investigation into the homicide has continued and several crimes are still under investigation including: conspiracy to distribute controlled substances in violation of 21 U.S.C. § 846; possession of firearms by previously convicted felons and/or users of controlled substances in violation of 18 U.S.C. § 922(g)(1), (g)(3); and using or carrying a firearm during and in relation to drug trafficking crime and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c). If the investigation reveals that Pimental was killed in the course of a 924(c) violation, then the enhanced penalties found at 18 U.S.C. § 924(j) would be implicated.  A conviction under 924(j) calls for punishment "by death or by imprisonment for any term of years of life." 18 U.S.C. § 924(j)(1).

No final decisions have been made at this point regarding the charges the government will seek.  However, given that one of the crimes under investigation could subject the defendants to the death penalty if charged, the United States Attorney's Office (USAO) is required to consult with the Capital Case Unit (CCU) within the Criminal Division of the United States Department of Justice prior to indictment.  The USAO must make its own recommendation to the CCU about whether to seek the death penalty and the CCU must then independently evaluate the case and make its own recommendation to the Attorney General for the United States.  In all Federal cases in which a defendant is charged, or could be charged with an offense subject to the death penalty, the Attorney General makes the final decision about whether or not to seek the death penalty.  This process, from start to finish, is time consuming.

In light of the gravity of the current charges, the ongoing investigation into the homicide and other crimes related to the homicide, the number of defendants and still unindicted co-

conspirators, and the need to possibly comply with the CCU process before indictment, the government requests the Court designate this case as complex, continue the motions deadline for six months, until December 4, 2019, and exclude from the Speedy Trial clock the time between the date of this filing and December 4, 2019. The Speedy Trial Act provisions support this request. Under 18 U.S.C. § 3161(h)(7), the Court may grant a continuance and exclude time from the Speedy Trial clock if "the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." Among the factors to consider when determining whether to grant such a continuance is:

> Whether the case is so unusual or so complex, due to the number of defendants, the nature of the prosecution, or the existence of novel questions of fact or law, that it is unreasonable to expect adequate preparation for pretrial proceedings or for the trial itself within the time limits established by this section.

18 U.S.C. § 3161(h)(7)(B)(ii)

    This case is undoubtedly complex, with a large number of defendants and unindicted coconspirators, and nature of the investigation involves one of the most serious crimes the government prosecutes. The government has been diligently working toward completing the process of charging this case. However, the time limits found in the Speedy Trial Act are not sufficient to complete this work and may, in fact, prejudice the defendants in this case. For example, if the defendants are convicted of the current charges before the investigation is complete, they risk facing additional criminal charges without the ability to globally resolve all of the charges at the same time.

    For these reasons and those articulated above, the government urges the Court to declare case complex and to continue the pretrial motions deadline until December 4, 2019. The government also requests that, for the same reasons, the Court exclude the time from when trial must commence, between the date on which this motion is filed and December 4, 2019, on the

basis that the ends of justice outweigh the best interest of the public and the defendant in a speedy trial.

The government has consulted with the defendants about this motion by sending a draft of the motion to their counsel. Thomas Sherrer, Esq., counsel for Michael Hayes, has indicated that he does not object to the government's request to declare the case complex and does not objection to the request to continue the pretrial motions deadline. Alex Nelson, Esq., counsel for Shawn Whitcomb has indicated that Shawn Whitcomb objects to the government's motion. And Michael Straub, counsel for Krystal Whitcomb, has indicated that Krystal Whitcomb takes no position on the motion at this time.

Dated at Burlington, in the District of Vermont this 4th day of June, 2019.

                                          Respectfully submitted,

                                          UNITED STATES OF AMERICA

                                          CHRISTINA E. NOLAN
                                          United States Attorney

By:   *Wendy L. Fuller*
       WENDY L. FULLER
       Assistant U.S. Attorney